In re:  Ralph Leo Brutsche, SSN xxx-xx-6754,

          Debtor.                          Case No. 7-11-13326-JA

_____

SANTA FE SUMMIT HOMEOWNERS' ASSOCIATION, INC.,
a New Mexico non-profit corporation,
               Plaintiff,

v.                                  Adv. No. _____

RALPH L. BRUTSCHE, individually
and as Trustee of the Ralph L. Brutsche
Revocable Trust u/t/a dated September 21, 1989, and
YVETTE J. GONZALES, in her capacity as Chapter 7
Trustee,

               Defendants.

## COMPLAINT FOR SPECIFIC PERFORMANCE, FOR DETERMINATION THAT A DEBT IS NOT DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(4) AND 11 U.S.C. §523(a)(6), FOR DECLARATORY JUDGMENT/RELIEF FROM AUTOMATIC STAY, FOR ESTABLISHMENT OF EASEMENTS, AND TO QUIET TITLE TO REAL PROPERTY

       Santa Fe Summit Homeowners' Association, Inc. ("SFSHA" or "Plaintiff"), by and

through its attorneys Hunt & Davis, P.C. (Chris W. Pierce), for its Complaint, states:

### JURISDICTION AND VENUE

       1.       The Debtor Ralph Leo Brutsche ("Debtor" or "Brutsche") filed his voluntary

petition for relief under Chapter 11 of the Bankruptcy Code on July 22, 2011 (the "Petition

Date").

       2.       The Court entered its Order converting the case from Chapter 11 to Chapter 7 on

June 8, 2012 (Doc. 265).

       3.       Upon conversion of the case to Chapter 7, Yvette J. Gonzales was appointed as

interim Chapter 7 Trustee on or about June 10, 2012 (Doc. 268) and continues to serve in that

capacity. The Trustee Yvette J. Gonzales is named as a Defendant herein solely in her capacity as Chapter 7 Trustee, and no relief is sought against Yvette J. Gonzales individually.

4. Plaintiff Santa Fe Summit Homeowners' Association, Inc. is a New Mexico non-profit corporation.

5. Upon information and belief, Defendant Brutsche is a resident of Santa Fe, Santa Fe County, New Mexico, and is the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989.

6. The Court has jurisdiction over the subject matter herein and the parties to this action. Counts II, III, IV and V of this action are core proceedings under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(A), (E), (G), (I) and (N). Counts I, VI and VII are core proceedings under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(A), (E), and (N) or arise in or are related to a case under title 11 of the United States Code. Venue is proper in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

8. Upon information and belief, Summit Properties, Inc. ("Summit") is a New Mexico corporation in which Defendant Brutsche held an ownership interest as of the date of the filing of the petition in this case.

9. Upon information and belief, North Hill Development Co. ("North Hill") is a New Mexico corporation in which Defendant Brutsche held an ownership interest as of the date of the filing of the petition in this case.

10. Upon information and belief, R.J. Property Holdings, LLC ("R.J. Property") is a New Mexico limited liability company in which Defendant Brutsche formerly held an ownership

interest.

11.     Upon information and belief, Janice Schaefer Brutsche is a resident of Santa Fe, Santa Fe County, New Mexico, and is the spouse of Defendant Brutsche.

12.     On July 9, 2009, Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, Summit and North Hill and Plaintiff SFSHA executed the "Consolidated Declaration of Restrictive Covenants—Santa Fe Summit Phases I, II, IV, V, VI, and Tesuque Creek" (the "Covenants").  A true and correct copy of the Covenants is attached as Plaintiff's Exhibit 1.   Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, and Summit and North Hill are defined collectively as the "Declarant" in the first paragraph of the Covenants and in Article I, Paragraph G. of the Covenants.

13.     Pursuant to a letter dated February 29, 2012 from the Sommer Udall Sutin Law Firm to Leonard S. Katz of Rubin Katz Ahern Herdman & MacGillivray, P.A. as counsel for the Plaintiff, R.J. Property claims to be a "successor entity" of the Declarant as defined in the Covenants.  A true and correct copy of the February 29, 2012 letter is attached as Plaintiff's Exhibit 2.

14.     Pursuant to a "Memorandum" dated August 7, 2010, signed by Defendant Brutsche and Janice Schaefer Brutsche, Defendant Brutsche attempted to name Janice Schaefer Brutsche as a Declarant, while Defendant Brutsche purported to remain a Declarant as defined in the Covenants.  A true and correct copy of the August 7, 2010 Memorandum is attached as Plaintiff's Exhibit 3.

15.     At this time, to the best of Plaintiff's information and belief, Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September

21, 1989, and Summit, North Hill, R.J. Property and Janice Schaefer Brutsche claim to be Declarants as defined in the Covenants. All of these parties are sometimes referred to collectively as the "Declarant" hereinafter in this Complaint.

16.     The Covenants were recorded on July 9, 2009 in the Office of the County Clerk, Santa Fe County, New Mexico

17.     Plaintiff is defined as follows in Article I, paragraph A. of the Covenants:

**"Association"** means the Santa Fe Summit Homeowners' Association, Inc., a New Mexico non-profit corporation, its successors and assigns, which corporation has been formed in accordance with the Original Declarations.

18.     The Covenants state at Article VI, Section 4:

Section 4. Title To Common Area.  Declarant has conveyed or will convey title to the Common Areas to the Association, subject to easements and restrictions of record, free from all liens, and subject to Declarant's right, after conveyance to the Association, to enter upon such Common Areas, for the purpose of construction of additional facilities, alteration of existing facilities, or creation of new easements or modifications of existing easements, or to exercise any other rights provided for elsewhere herein.

19.     The "Common Areas" are defined in Article I, Definitions, Paragraph E. of the Covenants as "all real and personal property owned and acquired by deed after its formation by the Association [the Plaintiff], which is intended for the common enjoyment of the Owners of property within the Subdivision."  The full legal description of the Common Areas is attached hereto as Plaintiff's Exhibit 4.

20.     Upon information and belief, title to the Common Areas is held by Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, or by Summit or North Hill, or by other unknown persons or entities.

21.     The Covenants state at Article VIII, Section 10:

Section 10, Legal Fees.  Any and all legal fees, including but not limited to attorneys' fees and court costs, including any appeals, which may be incurred by the Association in the lawful enforcement of any of the provisions of this Consolidated Declaration,

regardless of whether such enforcement requires judicial action, shall be assessed against and collectible from the unsuccessful party to the action, and if an Owner, shall be a lien against such Owner's lot in favor of the Association.

## COUNT I
## SPECIFIC PERFORMANCE

22.     The Plaintiff hereby incorporates all previous allegations as though fully set out herein.

23.     The Covenants are in writing, are signed by the Plaintiff and the Declarant and constitute a valid and enforceable contract among the Plaintiff and the Declarant.

24.     The parties defined as "Declarant" in the Covenants are the parties charged with performance under the Covenants.

25.     The Trustee is the current holder of or successor in interest to the rights, powers and obligations under the Covenants of Defendant Ralph Brutsche individually and as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989.

26.     As set forth above, Article VI, Section 4 of the Covenants requires the Declarant to convey the Common Areas to the Association.

27.     The Plaintiff has performed or offered to perform the acts that formed the basis for the consideration contained in the Covenants.

28.     The Plaintiff has performed, or is ready, willing and able to perform, any of the acts required by the Covenants for the transfer of the Common Areas by the Declarant to the Plaintiff, in their entirety.

29.     There are no conditions precedent which must be satisfied before the Declarant is required by the terms of the Covenants to transfer the Common Areas to the Plaintiff, or, in the alternative, any such conditions precedent have been fully satisfied.  The subdivision is substantially complete, and no further or continuing work remains to be done on subdivision

infrastructure, roads, water and sewer lines, or other such typical subdivision construction, and therefore there is no justification for the Declarant's failure to transfer the Common Areas to the Plaintiff as required by the Covenants.

30. In the alternative, to the extent that the Court determines that conditions precedent exist which must be satisfied before the Declarant is required by the terms of the Covenants to transfer the Common Areas to the Plaintiff, Plaintiff is excused from satisfying such conditions precedent by virtue of the Declarant's failure or refusal to perform acts required by the Covenants which are a prerequisite for the Plaintiff's performance.

31. After demand, the Declarant, including without limitation Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, has failed and refused to transfer the Common Areas to the Plaintiff as required by the Covenants.

32. The Plaintiff is entitled to specific performance of the Covenants as a matter of law, and Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 should be required to transfer any and all of his interest in the Common Areas to the Plaintiff as required by the Covenants.

33. Plaintiff has no adequate remedy at law. The Common Areas constitute a portion of the Santa Fe Summit development and subdivision, and directly benefit the subdivision. The Common Areas therefore have unique and intrinsic value to the Plaintiff. Any remedy at law is presumed to be inadequate because of the unique nature of real estate.

34. The Trustee, who is the current holder or successor in interest of the rights of Defendant Ralph L. Brutsche individually and as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 with regard to his rights and obligations as a Declarant

under the Covenants, has or may have the authority to transfer the Common Areas to the Plaintiff as required by the Covenants, to the extent that any interest in the Common Areas was owned by Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 as of the date of the filing of the Petition.

35.     As set forth above, Defendant Brutsche held interests in Summit and North Hill as of the date of the filing of the petition in this case.  To the extent that such interests in Summit and North Hill are property of the estate, the Trustee has or may have the authority to take such appropriate actions as may be necessary to remove and replace the current officers and directors of Summit and North Hill and cause Summit and North Hill to transfer any ownership interest in the Common Areas to the Plaintiff as required by the Covenants, or to take such other actions as may be necessary and appropriate to cause Summit and North Hill to transfer any ownership interest in the Common Areas to the Plaintiff as required by the Covenants.

WHEREFORE, Plaintiff requests that the Court enter a Judgment ordering the specific performance of the Covenants by the Defendant Brutsche and the Trustee, and ordering Defendant Brutsche and the Trustee to transfer the Common Areas to the Plaintiff as required by the Covenants, or ordering the Trustee to take such appropriate actions as may be necessary to remove and replace the current officers and directors of Summit and North Hill and cause Summit and North Hill to transfer any ownership interest in the Common Areas to the Plaintiff as required by the Covenants, or ordering that the Trustee take such other actions as may be necessary and appropriate to cause Summit and North Hill to transfer any ownership interest in the Common Areas to the Plaintiff as required by the Covenants, for costs and attorneys fees pursuant to Article VIII, Section 10 of the Covenants, and for such other and further relief as the Court deems just.

**COUNT II**
**NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(4)**
**(DEFENDANT BRUTSCHE ONLY)**

36.      The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

37.      After demand, Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, has failed and refused to transfer the Common Areas to Plaintiff, as required by the Covenants.

38.      As the developer of the Santa Fe Summit subdivision, and as a director of the Plaintiff, Defendant Brutsche has owed the Plaintiff a fiduciary duty at all times material hereto.

39.      To the extent that Defendant Brutsche held an ownership interest in the Common Areas as of the Petition Date, the Common Areas constituted property belonging to the Plaintiff, or in which the Plaintiff had rights, which property was entrusted to Defendant Brutsche, and Defendant Brutsche's failure and refusal to transfer the Common Areas to the Plaintiff, and his failure and refusal to cause the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and Janice Schaefer Brutsche to transfer the Common Areas to Plaintiff, is a breach of fiduciary duty, and constitutes fraud or defalcation by Defendant Brutsche while acting in a fiduciary capacity in the course of the fiduciary relationship.

40.      The Plaintiff has been damaged by Defendant Brutsche's a breach of fiduciary duty, and fraud or defalcation while acting in a fiduciary capacity, in an amount to be determined at trial.

41.      In the alternative, to the extent that Defendant Brutsche held an ownership interest in the Common Areas as of the Petition Date, Defendant Brutsche's failure and refusal to transfer

the Common Areas to the Plaintiff, and his failure and refusal to cause the Ralph L. Brutsche

Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and

Janice Schaefer Brutsche to transfer the Common Areas to Plaintiff, constitutes embezzlement.

1) Defendant Brutsche lawfully came into possession of the creditor's property or funds (the

Common Areas; 2) Defendant Brutsche appropriated the property for his or her own benefit, and

3) Defendant Brutsche did so with fraudulent intent or deceit.

42.     In the alternative, to the extent that Defendant Brutsche held an ownership interest

in the Common Areas as of the Petition Date, Defendant Brutsche's failure and refusal to transfer

the Common Areas to the Plaintiff, and his failure and refusal to cause the Ralph L. Brutsche

Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and

Janice Schaefer Brutsche to transfer the Common Areas to Plaintiff, constitutes larceny.

1) Defendant Brutsche fraudulently and wrongfully took and carried away the property of the

Plaintiff, 2) Defendant Brutsche intended to convert the property to his or her own use, and 3)

Defendant Brutsche did so without the consent of the owner/Plaintiff.

43.     Plaintiff has been damaged by Defendant Brutsche's failure and refusal to transfer

the Common Areas to the Plaintiff and failure and refusal to cause the Ralph L. Brutsche

Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and

Janice Schaefer Brutsche to transfer the Common Areas to Plaintiff in an amount to be

determined at trial.

44.     Such damages are not dischargeable pursuant to 11 U.S.C. §523(a)(4).

45.     In addition, on November 4, 2009, a Complaint captioned "J. Bernardo Rodriguez,

individually and attorney-in-fact for Perfecto Rodriguez, Rosarito Cruz, Anna Bertha Mayfield,

Angela Mejia, Victor Rodriguez, and Robert R. Trujillo, Plaintiffs, v. Ralph L. Brutsche, Summit

Properties, Inc., and Santa Fe Summit Homeowners' Association, Defendants," was filed in the First

Judicial District Court, County of Santa Fe, State of New Mexico, Cause No. D-101-CV-2009-03580 (the "Rodriguez Lawsuit").

46. The Plaintiffs in the Rodriguez Lawsuit allege, inter alia, that Ralph L. Brutsche and Summit Properties, Inc. constructed a sewer pipeline over property owned by Plaintiffs without permission or authorization. The Rodriguez Lawsuit requests compensatory damages, punitive damages and permanent injunctive relief.

47. The Plaintiff in this adversary proceeding was dismissed from the Rodriguez Lawsuit. However, the sewer pipeline constructed by Ralph L. Brutsche and Summit Properties, Inc was constructed for the benefit of the Plaintiff. If the Plaintiffs in the Rodriguez Lawsuit prevail, it is possible that the sewer pipeline would have to be moved or another sewer pipeline would have to be constructed, by the Plaintiff herein, at Plaintiff's expense. It is also possible that the Plaintiff would negotiate a compromise and agree to pay the Plaintiffs in the Rodriguez Lawsuit for an easement or other remedy to allow the sewer line to stay in place.

48. Defendant Brutsche's construction of a sewer pipeline over property owned by the Rodriguez Plaintiffs, without permission or authorization, constitutes a breach of the fiduciary duty owed by Defendant Brutsche to the Plaintiff, and is a fraud or defalcation by Defendant Brutsche while acting in a fiduciary capacity in the course of the fiduciary relationship with regard to Plaintiff herein, and Plaintiff has been damaged thereby in an amount to be determined at trial.

49. Such damages are not dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiff requests that the Court enter a Judgment finding that Plaintiff has been damaged by Defendant Brutsche's fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, in an amount to be determined at trial, and finding that such damages are not discharged or dischargeable pursuant to 11 U.S.C. §523(a)(4), for costs and

attorneys fees pursuant to Article VIII, Section 10 of the Covenants, and for such other and further relief as the Court deems just.

## COUNT III
## NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(6)
## (DEFENDANT BRUTSCHE ONLY)

50.     The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

51.     After demand, Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and Janice Schaefer Brutsche have failed and refused to transfer the Common Areas to Plaintiff, as required by the Covenants.

52.     Such refusal to transfer the Common Areas to Plaintiff constitutes conversion, which has damaged Plaintiff in an amount to be determined at trial.

53.     Such damages are not dischargeable pursuant to 11 U.S.C. §523(a)(6), which states that a discharge under section 727 of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

54.     Defendant Brutsche has willfully and maliciously converted Plaintiff's property to his own use by his failure and refusal to transfer the Common Areas to Plaintiff, and by his failure and refusal to cause the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, and Summit, North Hill, R.J. Property and Janice Schaefer Brutsche to transfer the Common Areas to Plaintiff.

55.     Defendant's actions as set forth above caused a deliberate or intentional injury to Plaintiff and its property (the Common Areas).

56.     Defendant acted willfully, with malice, and with the specific desire to cause injury to Plaintiff by the conversion of Plaintiff's property (the Common Areas) for his own use.

WHEREFORE, Plaintiff requests that the Court enter a Judgment finding that Plaintiff has been damaged by Defendant Brutsche's conversion in an amount to be determined at trial, and finding that such damages are not discharged or dischargeable pursuant to 11 U.S.C. §523(a)(6), for costs and attorneys fees pursuant to Article VIII, Section 10 of the Covenants, and for such other and further relief as the Court deems just.

**COUNT IV**
**DECLARATORY JUDGMENT/STAY RELIEF**
**(DEFENDANT BRUTSCHE ONLY)**

57.     The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

58.     Upon information and belief, the "First Amended Bylaws of Santa Fe Summit Homeowners' Association" (the "Bylaws") have been approved by the Association, and are currently valid and in full effect.  A true and correct copy of the Bylaws is attached as Plaintiff's Exhibit 5.

59.     The Bylaws state, at Article IV, Section 3:

Section 3, Removal.  Any director may be removed from the Board, with or without cause, by a majority vote of the members of the Association.  In the event of death, resignation or removal of a director, his successor shall be selected by the remaining members of the Board and shall serve for the unexpired term of his predecessor.

60.     Plaintiff's members and Board of Directors desire to formally consider the removal of Defendant Brutsche as a director of the Association, and to schedule votes or take such other appropriate action as required by the Bylaws to proceed with such removal.

61.     The Plaintiff does not believe that the automatic stay established by 11 U.S.C. § 362 or the discharge injunction prohibits or will prohibit the Plaintiff from conducting

appropriate proceedings, both non-judicial and judicial, to resolve this issue, or the other issues raised or addressed in this Complaint, and requests that the Court so rule.

62.     In the alternative, as set forth in the Motion for Relief from Automatic Stay filed by the Plaintiff in the main bankruptcy case, the Plaintiff requests that the Court modify the automatic stay to the extent necessary to permit the Plaintiff to pursue its rights and claims as set forth in this Complaint. Plaintiff states that, to the extent that the Court believes that the automatic stay is in effect with regard to any of the relief request herein, Plaintiff will consider such requests for relief stayed until and unless the Court modifies the automatic stay as requested in the Motion.

63.     11 U.S.C. §524(a), "Effect of Discharge," states:

(a) A discharge in a case under this title—

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541 (a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228 (a)(1), or 1328 (a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523 (c) and 523 (d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

64.     These proposed actions are not actions to pursue, collect, or recover any "debt," and are not prohibited by the express language of 11 U.S.C. §524(a).

65.     Upon information and belief, Defendant Brutsche disputes the Plaintiff's position.

66.     The Plaintiff therefore requests that the Court enter a declaratory judgment finding and ruling that neither the automatic stay nor the bankruptcy discharge prevents the Plaintiff's members and Board of Directors from taking action as authorized by the Bylaws to remove Defendant Brutsche as a director of the Plaintiff.

WHEREFORE, the Plaintiff requests that the Court enter a declaratory judgment finding and ruling that neither the automatic stay nor the bankruptcy discharge prevents the Plaintiff from pursuing its rights and claims as set forth in this Complaint, and finding that Plaintiff's members and Board of Directors may take action as authorized by the Bylaws to remove Defendant Brutsche as a director of the Plaintiff.  In the alternative, the Plaintiff requests that the Court modify the automatic stay to the extent necessary to permit the Plaintiff to pursue its rights and claims as set forth in this Complaint, and for costs and attorneys fees pursuant to Article VIII, Section 10 of the Covenants, and for such other and further relief as the Court deems just.

## COUNT V
## DECLARATORY JUDGMENT
## (DEFENDANT BRUTSCHE ONLY)

67.     The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

68.     A dispute has arisen under the Covenants and Bylaws with regard to whether Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, to the extent either is a Declarant, is a Class B Member of the Association as defined by the Covenants and Bylaws.  The Plaintiff believes that Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, to the extent either is a Declarant, is no longer a Class B Member of the

Association as a result of the sale or conveyance of more than six (6) Lots as identified in Article

V, Section 10(B.) of the Covenants.

69.     Article V, Section 10 of the Covenants states:

Section 10, Voting Rights.  Members shall have the voting rights contained in this
Section. There shall be two classes of voting membership:

A.     Class A.  Class A Members shall be all owners of lots in the
Property with the exception of Declarant as identified in this Consolidated
Declaration while the Declarant is a Class B Member. Class A Members shall be
entitled to one vote for each lot owned in the Property. When more than one
person holds an interest in any lot, other than as security for the performance of an
obligation, all such persons shall be Members.  The vote for such lot shall be
exercised as they, among themselves, determine by written designation to the
Association, but in no event shall more than one vote be cast with respect to any
lot. The vote appurtenant to any lot shall be suspended in the event that, and for as
long as, more than one Member holding an interest in that lot lawfully seeks to
exercise it separate from the other Members holding an interest in any such lot.

B.     Class B.  The Class B Member shall be Declarant who shall be
entitled to nine (9) votes for each unsold lot in Phases I, II, IV, V and VI.  Lots in
Phase III, Tract A-1 or Tesuque Creek shall not be factors in the determination of
Declarant's Class B status.  Class B membership shall cease when any six (6) of
the following Lots are sold by the Declarant: Lots 60, 73, 74, 75, 76, 78, 79A-1,
79A-2, 80, 82, 84, 52A or 43, as such lots have been or may be amended from
time to time, it being intended that Declarant shall retain control of the
Association until it has conveyed such six (6) lots. When Class B membership
ceases, Declarant shall become a Class A Member as to the remaining platted but
unconveyed lots it owns.

70.     As specifically stated in Article V, Section 10, Paragraph B. of the

Covenants, "Class B membership shall cease when any six (6) of the following Lots are sold by

the Declarant: Lots 60, 73, 74, 75, 76, 78, 79A-1, 79A-2, 80, 82, 84, 52A or 43."

71.     Plaintiff states that Defendant Brutsche, individually and as the Trustee of the

Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, has sold or conveyed more

than six (6) of the above-described lots, and therefore Defendant Brutsche, individually and as

the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, to the

extent either is a Declarant, is no longer a Class B member pursuant to the terms of the Covenants and Bylaws.

72.     Defendant Brutsche transferred ownership of Lots 60, 64, 77, 78, 79, 80, 81, 82, 83 and 84 of the Santa Fe Summit Subdivision to R.J. Property by means of a Warranty Deed dated January 1, 1999, which was recorded in the Office of the County Clerk, Santa Fe County, on February 3, 2000, Book 1732, Page 905.  A true and correct copy of the Warranty Deed conveying such lots is attached hereto as Plaintiff's Exhibit 6.

73.     Defendant Brutsche transferred ownership of Lots 75-A and 76-A of the Santa Fe Summit Subdivision to R.J. Property by means of a Warranty Deed dated November 9, 2006, which was recorded in the Office of the County Clerk, Santa Fe County, on March 15, 2007.  A true and correct copy of the Warranty Deed conveying such lots is attached hereto as Plaintiff's Exhibit 7.

74.     Defendant Brutsche held an interest in R.J. Property at the time of the transfers described above.  Defendant Brutsche transferred all of his interests in R.J. Property to Janice Schaefer Brutsche as set forth in the Agreement attached hereto as Plaintiff's Exhibit 8.

75.     Despite having previously conveyed his interest in nine of the following-described lots to R.J. Property, in 2010 Brutsche executed and delivered a Warranty Deed dated April 20, 2010 to Janice Schaefer Brutsche, purporting to transfer ownership in Lots 52A, 60, 78, 75-A, 76-A, 79-A1 and 79-A2, 80A, 84-A and 82-A of the Santa Fe Summit Subdivision, which was recorded in the Office of the County Clerk, Santa Fe County, on May 11, 2010.  A true and correct copy of the Warranty Deed purporting to convey such lots is attached hereto as Plaintiff's Exhibit 9.

76.     Therefore, Plaintiff states that Defendant Brutsche or Declarant sold or conveyed

(at a minimum) Lots 52A, 60, 75, 76, 78, 79A-1, 79A-2, 80, 82, and 84 of the Santa Fe Summit Subdivision, and therefore Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, to the extent either is a Declarant, is no longer a Class B Member of the Association. Further, Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, no longer owns any lots subject to the Covenants and cannot be a Class A member pursuant to the terms of the Covenants. Defendant has no voting rights whatsoever.

77. As the Declarant, Defendant Brutsche had a duty to disclose all material facts and circumstances affecting the Association, however, he never disclosed any purported designation of a successor to the Association prior to the letter attached hereto as Plaintiff's Exhibit 2 and has not designated a successor in any document of record.

78. Article V of the Covenants generally provides for the Association to assess Lots within the Subdivision, including late charges and interest, however, property "owned by the Declarant or by a successor entity which Declarant controls" is exempt from assessment.

79. The Lots described above are no longer owned by the Declarant or by a successor entity which the Declarant controls and are, therefore, subject to assessment by the Association.

80. Defendant Brutsche disputes this, and claims that Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, to the extent either is a Declarant, remains a Class B Member of the Association with the right to designate multiple successor Declarants without notice to the Association and that the transferred Lots described above are exempt from assessment by the Association.

WHEREFORE, Plaintiff requests that the Court enter a declaratory judgment finding and ruling that Defendant Brutsche, individually and as the Trustee of the Ralph L. Brutsche

Revocable Trust u/t/a dated September 21, 1989, to the extent either is a Declarant, is no longer a

Class B Member of the Association as a result of the transfer of more than six (6) Lots as

identified in Article V, Section 10(B.) of the Covenants and that no successor Declarant was ever

properly designated, (ii) that Defendant is not a Class A Member of the Association because he

does not own Lots subject to the Covenants, (iii) that the transferred Lots described above are

subject to assessment by the Association, (iv) for costs and attorneys' fees pursuant to Article

VIII, Section 10 of the Covenants, and (v) for such other and further relief as the Court deems

just.

### COUNT VI
### ESTABLISHMENT OF EASEMENTS

81.     The Plaintiff incorporates by reference all previous allegations as though fully set

out herein.

82.     During the course of the construction and creation of the Santa Fe Summit

subdivision, Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche

Revocable Trust u/t/a dated September 21, 1989, or through Defendants Summit, North Hill, R.J.

Property, Janice Schaefer Brutsche, or other entities or individuals controlled by Defendant

Brutsche, designated certain easements for ingress, egress, utilities and drainage (the

"Association Easements") benefitting the Plaintiff and the owners of property in the Santa Fe

Summit subdivision.

83.     The Association Easements are located in whole or in part upon land owned by

Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche Revocable Trust

u/t/a dated September 21, 1989, or owned by Defendants Summit, North Hill, R.J. Property,

Janice Schaefer Brutsche, or, upon information and belief, by other entities or individuals

controlled by Defendant Brutsche.  The properties upon which the Association Easements are

located (the "Easement Properties") include, but may not be limited to, Tract A-1 as shown on that certain plat of survey entitled "Subdivision Plat Phases 4, 5 and 6 Santa Fe Summit. . ." filed for record on May 2, 1996 in Book 333, Page 029-034, as Instrument Number 944-040, a copy of which is attached hereto as Plaintiff's Exhibit 10, and Phase 3 as shown on that certain plat of survey entitled "Phase 1 Santa Fe Summit. . ." filed for record on July 22, 1991 in Book 225. Page 031-032, as Instrument Number 743782, a copy of which is attached hereto as Plaintiff's Exhibit 11.

84.     As stated in the Declarant's language on the subdivision plats, the Association Easements were created specifically for the benefit of the Plaintiff and the owners of property in the Santa Fe Summit subdivision, for consideration, with the express and/or implied agreement that Association Easements would be established by Defendants.

85.     The Plaintiff is entitled to use the Association Easements and is further responsible for maintaining certain Association Easements on the Easement Properties. Plaintiff's Exhibit 10 specifically grants utility and drainage easements and provides that, "private roadways and private sanitary sewers are to be maintained by the Santa Fe Summit Homeowners Association (not utility companies)".  Plaintiff's Exhibit 11 grants drainage easements, among other easements, to the Association and provides that "the maintenance of required drainage structures is the responsibility of the Santa Fe Summit Homeowner's Association."

86.     Plaintiff is entitled to a prescriptive easement, easement by necessity, or other appropriate easement over the Easement Properties, to the extent the Easement Properties were owned by Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 on the Petition Date.

87.     The Trustee, who is the current holder or successor in interest of the rights of Defendant Ralph L. Brutsche individually and as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 with regard to his rights and obligations as a Declarant under the Covenants, has the authority to grant or acknowledge easements over property of the bankruptcy estate. In addition, to the extent that interests in Summit and North Hill are property of the estate, the Trustee has or may have the authority to take such appropriate actions as may be necessary to remove and replace the current officers and directors of Summit and North Hill and cause Summit and North Hill to grant or acknowledge easements on the Easement Properties to the Plaintiff, or to take such other actions as may be necessary and appropriate to cause Summit and North Hill to to grant or acknowledge easements on the Easement Properties.

WHEREFORE, Plaintiff requests that the Court enter a Judgment finding that Plaintiff is entitled to a prescriptive easement, easement by necessity, or other appropriate easement over the Easement Properties, to the extent the Easement Properties were owned by Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 on the Petition Date, or to the extent the Easement Properties are owned by the Trustee, and establishing the extent and legal description of such Association Easements, for costs and attorneys' fees pursuant to Article VIII, Section 10 of the Covenants, and for such other and further relief as the Court deems just.

## COUNT VII
## QUIET TITLE

88.     The Plaintiff incorporates by reference all previous allegations as though fully set out herein.

89.     Plaintiff is the owner of certain sewer lines, easements, a gatehouse, and other properties located on or adjacent to the Santa Fe Summit subdivision (the "Quiet Title Properties").  The Quiet Title Properties are described on Plaintiff's Exhibit 10, attached hereto.

90.     In the alternative, the Quiet Title Properties are part of, or are located on, the Common Areas which are required to be conveyed to Plaintiff as set forth above.

91.     Plaintiff is credibly informed and believes, and upon such information and belief, alleges, that Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, claims an ownership interest in the Quiet Title Properties, or makes some claim of lien, interest, right or title adverse to the Estate of Plaintiffs in and to the Quiet Title Properties.

92.     Plaintiff's claim in and to the Quiet Title Properties is paramount and superior to the claims of Defendant Brutsche, either individually, or as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989, and to the Trustee, and Plaintiff is entitled to a judgment quieting its title in and to the Quiet Title Properties.

93.     The Trustee, who is the current holder or successor in interest of the rights of Defendant Ralph L. Brutsche individually and as Trustee of the Ralph L. Brutsche Revocable Trust u/t/a dated September 21, 1989 with regard to his rights and obligations as a Declarant under the Covenants, has the authority to convey the Quiet Title Properties, or to acknowledge that Plaintiff is the sole owner of the Quiet Title Properties.  In addition, to the extent that interests in Summit and North Hill are property of the estate, the Trustee has or may have the authority to take such appropriate actions as may be necessary to remove and replace the current officers and directors of Summit and North Hill and cause Summit and North Hill to transfer any ownership interest in the Quiet Title Properties to the Plaintiff, or to take such other actions as

may be necessary and appropriate to cause Summit and North Hill to transfer any ownership interest in the Quiet Title Properties to the Plaintiff.

WHEREFORE, Plaintiff requests a judgment establishing its fee simple interest in the Quiet Title Properties as against any adverse claims of the foregoing named Defendants, and each of them, and any one claiming by, through, or under them, and that said Defendants, and each of them, and everyone claiming by, through, or under them be barred and forever estopped from having or claiming any lien upon or any right, title or interest in or to the Quiet Title Properties adverse to the estate of the Plaintiff and that the legal title of the Plaintiff be forever quieted and set at rest, and for such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted,
HUNT & DAVIS, P.C.
s/ filed electronically 9/10/2012
Chris W. Pierce
2632 Mesilla Street NE
Albuquerque, NM 87110
(505) 881-3191 phone
(505) 881-4255 fax